UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS PAZ-VILLAGOMEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE STEP2 COMPANY, LLC,<br><br>　　　　　　Defendant. | Case No. 20-cv-00606-SI<br><br>**ORDER ON DISCOVERY DISPUTE NUMBER ONE**<br><br>Re: Dkt. No. 38 |

On October 20, 2020, the parties plaintiff Alexis Paz-Villagomez ("plaintiff") by and through his guard ad litem, Esparanza Paz, and defendant, The Step2 Company, LLC ("defendant") submitted a joint discovery statement to the Court. *See* Dkt. No. 38. Defendant objects to one of plaintiff's fifteen requests for production of documents ("RFPD"), namely, RFPD number six: "ALL DOCUMENTS that REFER, REFLECT, or RELATE to any and all correspondence YOU had with the United States Consumer Product Safety Commission related to the Step2 Push Around Buggy from 2009 to 2012." Dkt. No. 38-1 at 5[1] (Pl.'s Req. Produc. of Docs., Set One). Plaintiff seeks production of the documents set forth in RFPD number six. Dkt. No. 38 at 2.

Plaintiff gives three reasons why the contested documents are relevant. Dkt. No. 38 at 2. Plaintiff believes the documents could (1) contain a party admission concerning the alleged product defect for purposes of trial (*id.*); (2) disclose discussions leading to the final corrective action plan the Consumer Product Safety Commission ("CPSC") accepted, highlighting alternative designs

---

[1] For ease of reference, citations to page numbers refer to the ECF branded numbers in the upper right corner of the page.

available to avoid the alleged design defect (*id.*); and (3) include all twenty-eight incident reports, some of which plaintiff does not have, identified in the CPSC Press Release, supporting a claim of alleged design defect and disclosing the time before defendant took corrective action (*id.* at 2-3).

Defendant argues RFPD number six is neither relevant nor proportional to the needs of the case. Dkt. No. 38 at 4. Defendant states (1) the product was voluntarily recalled because of an elongation of a hole in which a pin was positioned, which is not the alleged defect at issue in this case (*id.* at 3); (2) correspondence with the CPSC post-dates plaintiff's alleged injury and is a subsequent remedial measure that is neither relevant nor admissible; further, incident reports predating plaintiff's alleged injury have already been provided to plaintiff (*id.* at 4); (3) there is no dispute of an alternative design for the alleged product defect at the time of the recall, as evidenced through publicly available information (*id.*); and (4) plaintiff already has the information plaintiff expects to obtain from correspondence with the CPSC (Dkt. No. 38 at 5). Defendant also argues it would be unduly burdened by producing the requested documents because plaintiff seeks all documents that "relate to" or "refer to" the core documents, which are more than ten years old. *Id.* Further, defendant was assisted by counsel to conduct the voluntary recall with the CPSC, creating an additional burden for defendant to create a privilege log to describe the requested documents. *Id.*

While the Court finds the documents in RFPD number six are relevant, some of defendant's concerns are well taken. With respect to defendant's concerns regarding privilege issues, the parties have a protective order (Dkt. No. 33) and plaintiff should not be denied discovery simply because defendant may need to compile a privilege log. However, plaintiff defines "REFER, REFLECT, or RELATE" as "addressing, discussing, pertaining, reflecting, constituting, supporting, evidencing, stating, showing, analyzing, summarizing, recording and/or memorializing" in addition to the words' "customary and usual meaning." Dkt. No. 38-1 at 3. To simplify RFPD number 6, defendant shall produce "ALL DOCUMENTS YOU provided to and received from the United States Consumer Product Safety Commission related to the Step2 Push Around Buggy from 2009 to 2012" but not with respect to DOCUMENTS that REFER, REFLECT or RELATE to those

2

correspondences.² Defendant's request for full briefing on the topic is DENIED.

**IT IS SO ORDERED**.

Dated: October 26, 2020

_____
SUSAN ILLSTON
United States District Judge

---

² Defendant apparently does not object to the word "REFLECT." *See* Dkt. No. 38 at 5. However, because plaintiff defines "REFER, REFLECT, or RELATE" to mean the same words in addition to their customary and usual meanings, the Court excludes using the word "REFLECT" in the Court's amendment of plaintiff's RFPD number six. Dkt. No. 38-1 at 3.

3