UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS PAZ-VILLAGOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>THE STEP2 COMPANY, LLC,<br><br>Defendant. | Case No. 20-cv-00606-SI<br><br>**ORDER GRANTING IN PART DEFENDANT'S EX PARTE APPLICATION FOR MOTION TO COMPEL DEPOSITION TESTIMONY OF CHRISTINA LANSDOWN, LMFT**<br><br>Re: Dkt. No. 70 |

On April 14, 2021, defendant The Two Step Company, LLC filed an ex parte application for motion to compel deposition testimony of Christina Lansdown, LMFT. Dkt. No. 70. On April 16, 2021, plaintiff filed an opposition to defendant's ex parte application and defendant filed a reply. Dkt. Nos. 71; 72.

Defendant's ex parte application concerns deposition testimony of Christina Lansdown, a therapist who provided plaintiff and plaintiff's family with family counseling. Dkt. No. 71 at 1. During Ms. Lansdown's deposition, Ms. Lansdown declined to answer questions regarding her communications with plaintiff and plaintiff's family and asserted the psychotherapist-client privilege. Dkt. No. 70-2 at 6-22 (Lansdown Depo.).

Defendant argues the patient-litigant exception to the psychotherapist-client privilege compels Ms. Lansdown to disclose her communications with plaintiff and plaintiff's family. Dkt. No. 70 at 10. Defendant argues the patient-litigant exception applies because plaintiff has put his mental state and emotional condition at issue in the present litigation. *Id*. Plaintiff agrees that plaintiff "tendered [his] mental condition in this case," but argues Ms. Lansdown's communications with plaintiff's family are not at issue and may not be disclosed. Dkt. No. 71 at 3, 5-6.

After carefully considering the parties briefing and arguments, the Court **GRANTS IN**

**PART** defendant's ex parte application to compel deposition testimony of Christina Lansdown. The parties agree that plaintiff has placed his mental condition at issue in this case. Accordingly, Christina Lansdown is **ORDERED** to provide deposition testimony regarding her communications and diagnoses of plaintiff, Alexis Paz-Villagomez. *See In re Lifschutz*, 2 Cal.3d 415, 431 (Cal. 1970) ("[P]atient-litigant exception allows only a limited inquiry into the confidences of the psychotherapist-patient relationship, compelling disclosure of only those matters directly relevant to the nature of the specific 'emotional or mental' condition which the patient has voluntarily disclosed and tendered in his pleadings or in answer to discovery inquiries."). Christina Lansdown is **ORDERED** to provide testimony involving what she learned from plaintiff, including what plaintiff said, but is not required to disclose communications from plaintiff's family members. If needed, the Court will accommodate additional time for fact discovery.

**IT IS SO ORDERED**.

Dated: April 23, 2021

_____
SUSAN ILLSTON
United States District Judge